IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Home River Group, as Agent for 510 SFR SC Operations I, LLC, | C/A No.: 3:24-5130-MGL-SVH |
| Plaintiff, | REPORT AND RECOMMENDATION |
| vs. | |
| Lisa Lennon, | |
| Defendant. | |

Lisa Lennon ("Defendant"), proceeding pro se, removed this state court action, case number 2024cv4310104208.[1] [ECF No. 1]. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends this matter be remanded for lack of subject matter jurisdiction.

I.   Factual and Procedural Background

Defendant titles her filing a "Petition for Removal of Action With a federal Stay of Eviction Pursuant to 28 USCA 1446(D)." [ECF No. 1 at 1]. Defendant alleges the "Respondent" violated 15 U.S.C. § 1692[2] and Rule 60 of the Fed. R. Civ. P. *Id.* She further alleges the "Summary Court of Sumter

---

[1] Defendant did not attach a copy of the underlying state court documents, but attached a summons.

County Eviction action is in violation of the 14th Amendment of the U.S. Constitution with respect to Due Process of law." *Id.* at 2. Therefore, it appears Defendant seeks to assert subject matter jurisdiction based on alleged federal defenses.

II.     Discussion

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28 U.S.C. § 1331. Federal courts have held that removal statutes are to be construed against removal jurisdiction and in favor of remand. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.

---

[2] The Fair Debt Collection Practices Act is codified at 15 U.S.C. § 1692, et seq.

Defendant's filing of a federal law defense or counterclaim fails to provide a viable jurisdictional basis for the removal of this state court action. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 & n.2 (2002) ("Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedent" by allowing "a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim."); *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) ("In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . [A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."); *Franchise Tax Bd. of California v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 14 (1983). ("[Since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense.").[3]

To the extent Defendant seeks to remove this civil action based on diversity of citizenship under 23 U.S.C. § 1332, a case may not be removed to

---

[3] The court expresses no opinion on whether this case would be properly removed if the court had subject matter jurisdiction, but notes that a review of the state case reveals multiple defendants that do not appear to have consented to removal and that questions of the timeliness of removal exist.

federal court if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). As Defendant is a citizen of South Carolina [ECF No. 2], her action may not be removed under § 1332. Because removal of this case under federal question or diversity jurisdiction is improper, the case should be remanded to state court.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge remand this matter to the Sumter County Summary for lack of subject matter jurisdiction. Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Sumter County Court of Common Pleas, but shall forward the case file and any objections to the United States District Judge for a final disposition.[4]

IT IS SO RECOMMENDED.

September 17, 2024                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Defendant fails to provide an address for her or for Plaintiff. However, the paperwork she provided contains an address for her. Out of an abundance of caution, the undersigned is directed to mail this Report to the address for Defendant listed on ECF No. 1-1.

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).